UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 20-23298-CIV-ALTMAN/Reid

**FREDERICK BANKS**,

    *Petitioner*,

v.

**RON DESANTIS**., *et al.*,

    *Respondents*.

_____/

## ORDER

The Petitioner, Frederick Banks ("Banks"), filed a Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241 [ECF No. 1] (the "Petition"). For the reasons set out below, the Petition is **DISMISSED without prejudice**.

## THE FACTS

Banks is a "notorious frequent filer" in the federal court system whose cases are routinely dismissed as frivolous. *See Banks v. CIA*, 2020 WL 4464717, at *1 (C.D. Cal. Aug. 4, 2020); *see also Banks v. Cuevas*, 2018 WL 1942194, at *1 (N.D. Ohio Apr. 25, 2018) (explaining that Banks is a "frequent[] filer of frivolous actions in federal and state courts"); *Brown v. Pompeo*, 2017 WL 6403030, at *1 (W.D. Va. Aug. 16, 2017) (noting that "Banks . . . has filed numerous actions or appeals, while incarcerated or detained, which have been dismissed as frivolous"). Indeed, one court—detailing the extent of Banks' vexatious litigiousness—noted:

> Banks is a well-established, multi-district, frequent filer, who has brought over 350 cases [in district courts across the United States]. All of these cases were dismissed as frivolous. He has been declared to be subject to three strike provision of 28 U.S.C. § 1915(g) on numerous occasions. Undeterred, Banks utilizes § 2241 to circumvent the application of § 1915(g).

*Banks v. Greene*, 2018 WL 4615938, at *1 n.1 (N.D. Ohio Sept. 25, 2018). Another court identified "hundreds (and probably well over 1,000) of federal civil proceedings initiated by Banks over the past decade." *See CIA*, 2020 WL 4464717, at *1. But the problem with Banks' filings isn't so much the sheer quantity; no, the (real) problem is their frivolity: Banks' claims are—without fail—"either fantastical and/or delusional; procedurally flawed; substantively meritless; previously adjudicated, or all four." *Banks v. Pope Francis*, 2015 WL 8207532, at *3 (W.D. Pa. Dec. 8, 2015).[1]

This District, unfortunately, has *not* been spared. *See, e.g.*, *Banks v. Roe*, 17-14251-CIV-ROSENBERG (S.D. Fla. Aug. 31, 2017), ECF No. 6 (dismissing Banks' complaint on an initial screening); *Banks v. Disney*, 16-23288-CIV-COOKE, at 2 (S.D. Fla. Nov. 30, 2016), ECF No. 4 (dismissing Banks' complaint as "frivolous"); *Banks v. Pivnichny*, 15-22166-CIV-ALTONAGA, at 4 (S.D. Fla. June 9, 2015), ECF No. 6 (dismissing Banks' "frivolous claims").

"Banks has a prior criminal history." *CIA*, 2020 WL 4464717, at *1. Most recently, following a trial in the Western District of Pennsylvania, a jury found Banks guilty of both wire fraud and aggravated identity theft. *Id.* (citing *United States v. Banks*, 15-00168-CR-HORNAK (W.D. Pa.)). For those crimes, Banks was sentenced to consecutive terms of 104 months in prison. *Id.* As a result—and in a fact that's dispositive here—Banks is incarcerated in the Northeast Ohio

---

[1] In just a single (representative) suit, for instance, Banks made the following allegations:

> Banks asserts that the CIA placed Kobe Bryant and Banks "under illegal FISA 'electronic surveillance'" using a remote satellite signal and "'Microwave Hearing'" technology, which caused a helicopter carrying Mr. Bryant, his daughter, and others to crash, resulting in their deaths. Banks asserts that this same technology was used by the Navy to "down a [sic] Iran drone," by the CIA to "cause two Boeing Max 8 crashes of Lyon Air & Ethiopian Airlines, and a helicopter crash overseas in Europe that killed a Billionaire," and to "deliver death blows to Elijah Cummings and Rush drummer/Lyricist Neil Peart."

*Bryant v. CIA*, 2020 WL 606757, at *1 (C.D. Cal. Feb. 7, 2020).

2

Correctional Center in Youngstown, Ohio. *Id.*; *see also* Petition at 10 (copy of envelope indicating that Banks is currently confined in the Northeast Ohio Correctional Center).

In this latest return to the courts, Banks has filed a Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241—consistent with his strategy of dodging § 1915 screening—in which he sues Governor Ron DeSantis, the Florida Health Department, the Florida Attorney General, the State of Florida, the Director of the CIA, and the CIA. *See* Petition at 1. As the basis for his Petition, Banks alleges that he is being "held [and] electronically surveilled by the CIA under a FISA warrant" because he "refused to manipulate COVID-19 data on [the Florida Health Department's] website at the request of DeSantis." *Id.* at 2, 7. As redress, Banks asks this Court to "lift the FISA warrant," "order[] the removal of Governor Ron DeSantis from office," and "certify [the case] as a class action." *Id.* at 8.

## THE LAW

Under 28 U.S.C. § 2243, district courts may "summarily dismiss [a habeas] petition for facial insufficiency." *Bundy v. Wainwright*, 808 F.2d 1410, 1414–15 (11th Cir. 1987); *see also Paez v. Sec'y, Fla. Dep't of Corr.*, 947 F.3d 649, 655 (11th Cir. 2020) (affirming the district court's order "summarily dismiss[ing]" the petitioner's habeas application as untimely); *Banks v. Upton*, 2020 WL 4558302, at *1 (N.D. Tex. Aug. 5, 2020) (recognizing that courts may "summarily dismiss a frivolous habeas-corpus petition prior to any answer or other pleading by the government"). Indeed, the text of the statute is pellucid on this point: A court entertaining a petition for a writ of habeas corpus must "direct[] the respondent to show cause why the writ should not be granted, *unless it appears from the application that the applicant or person detained is not entitled thereto*." 28 U.S.C. § 2243 (emphasis added).

At the same time, when—as here—a petitioner is *pro se*, the Court must interpret the pleading liberally because *pro se* pleadings are held to "less stringent standards than those drafted

3

by an attorney." *Sause v. Bauer*, 138 S. Ct. 2561, 2563 (2018); *see also Jones v. Sec'y for Dep't of Corr.*, 131 F. App'x 164, 166 (11th Cir. 2005) ("We have never wavered from the rule that courts should construe a habeas petition filed pro se more liberally than one drawn up by an attorney." (quoting *Gunn v. Newsome*, 881 F.2d 949, 961 (11th Cir.1989))). But, even when applying this liberal standard, the Court may not "serve as de facto counsel or [] rewrite an otherwise deficient pleading in order to sustain an action." *Shuler v. Ingram & Assocs.*, 441 F. App'x 712, 716 n.3 (11th Cir. 2011); *Golfin v. Sec'y for Dep't of Corr.*, 276 F. App'x 908 (11th Cir. 2008) ("[W]e will not act as *de facto* counsel for a *pro se* litigant.").

## ANALYSIS

Banks' Petition is facially insufficient on jurisdictional grounds and, therefore, subject to summary dismissal. The question of whether a court has jurisdiction over a habeas petition "breaks down into two related subquestions." *Rumsfeld v. Padilla*, 542 U.S. 426, 434 (2004). The first requires the petitioner to have sued the "proper respondent." *Id.* The second requires the Court to "have jurisdiction over" that proper respondent. *Id.* Banks trips at both steps. *See generally United States v. Lassiter*, 812 F. App'x 896, 897 (11th Cir. 2020) (concluding that, when a petitioner fails the jurisdictional test, the district court must "dismiss[] the petition without prejudice for lack of jurisdiction").[2]

*First*, the "federal habeas statute straightforwardly provides that the proper respondent to a habeas petition is 'the person who has custody over [the petitioner].'" *Padilla*, 542 U.S. at 434 (quoting 28 U.S.C. § 2242). With limited exceptions, "the default rule is that the proper respondent is the warden of the facility where the prisoner is being held, not the Attorney General or some

---

[2] Because this jurisdictional deficiency is sufficient to dispose of Banks' Petition, the Court need not address (in detail) its many other deficiencies, including—perhaps most fundamentally—that its claims are conclusory, implausible, and completely frivolous.

other remote supervisory official." *Id.* at 435. This rule is unsurprising. In most cases, it is the petitioner's "immediate custodian"—not some remote official—who has the "ability to produce the prisoner's body before the habeas court." *Id.* In our case, Banks is being held by the Northeast Ohio Correctional Center. *See* Petition at 10. The proper respondent, then, is the warden of that facility. But, rather than sue *any* custodian, Banks has sued Governor DeSantis, the CIA director, and other far-off actors who, as far as the Court can tell, play absolutely no role in overseeing his custody. *Id.* at 1. In short, Banks is (plainly) not entitled to relief because he has not sued the proper respondent.

*Second*, district courts "are limited to granting habeas relief 'within their respective jurisdictions.'" *Padilla*, 542 U.S. at 442 (quoting 28 U.S.C. § 2241(a)). "In other words, jurisdiction over a § 2241 habeas petition challenging present confinement 'lies in only one district: the district of confinement.'" *Padgett v. Warden, USP Atlanta*, 745 F. App'x 859, 862 (11th Cir. 2018) (quoting *Padilla*, 542 U.S. at 442–43); *see also Lassiter*, 812 F. App'x at 897 (same). The Supreme Court has explained that, through this restriction, Congress intended to "avert the 'inconvenient and potentially embarrassing' possibility that 'every judge anywhere could issue the Great Writ on behalf of applicants far distantly removed from the courts whereon they sat.'" *Padilla*, 542 U.S. at 442 (quoting *Carbo v. United States*, 364 U.S. 611, 617 (1961)). Applying this simple principle, this Court lacks jurisdiction. Because Banks is confined in the Northern District of Ohio, he may not bring his § 2241 Petition in the Southern District of Florida.

This Court would venture to add that none of this will come as a surprise to Banks. In fact, the Northern District of New York—just a few months ago—came to the very same conclusion in dismissing one of Banks' (many) cases. *See Banks v. Canada*, 2020 WL 1689859 (N.D.N.Y. Apr. 7, 2020). In that case, the court, relying on *Padilla*, noted that "[p]etitions filed under § 2241 must

5

be filed in the district of the petitioner's confinement." *Id.* at *1. Because Banks was, at that time, confined in Allegheny County, Pennsylvania, the court noted that the proper jurisdiction was the Western District of Pennsylvania—*not* the Northern District of New York. *Id.* On that basis, the court dismissed Banks' petition for "lack of jurisdiction." *Id.* at *2; *cf. Bryant*, 2020 WL 606757, at *3 ("If Banks wishes to challenge his present criminal custody, there are established avenues for him to do so, but none of them include bringing repeated and frivolous 28 U.S.C. § 2241 [claims] outside the District of conviction . . . ."). That analysis applies with equal force here.

***

Accordingly, the Court hereby

**ORDERS** that this case is **DISMISSED without prejudice** for lack of jurisdiction. The Clerk of Court is directed to **CLOSE** this case. Any pending motions are **DENIED as moot**. All deadlines are **TERMINATED**.

**DONE AND ORDERED** in Fort Lauderdale, Florida this 10th day of August 2020.

**ROY K. ALTMAN**
**UNITED STATES DISTRICT JUDGE**

cc:   Frederick Banks, *pro se*
      Respondents